

JOHN BEL EDWARDS
Governor

# State of Louisiana

Board of Pardons and Parole

## WARRANT

It appearing to the undersigned , the Louisiana Committee on Parole, State of Louisiana, that

**Bobby R Sneed** , DOC #81275, Black/Male, 12/18/1946

a parolee of the State of Louisiana, who was paroled on Order of Judge Ronald Johnson , has violated the conditions of his parole. It is hereby ordered that said **Bobby R Sneed** should be retaken and reimprisoned within the Department of Public Safety and Corrections.

I command you to immediately arrest said paroled prisoner and deliver him to the Chief Probation and Parole Officer, or his duly authorized agent, to be returned to the physical custody of the Louisiana Department of Public Safety and Corrections.

Given under my hand in Baton Rouge, Louisiana, this 10 day of December, 2021.

THE STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
LOUISIANA BOARD OF PARDONS/COMMITTEE ON PAROLE

*Pearl C Wise*

_____
PAROLE COMMITTEE MEMBER

NO BOND
Parole Board **District**

EXHIBIT
5



**JOHN BEL EDWARDS**
Governor

**JAMES M. Le BLANC**
Secretary

### State of Louisiana
### Department of Public Safety and Corrections
### Division of Probation and Parole

West Baton Rouge
ACTIVITY REPORT

NAME: Bobby Sneed
DOC #: 81275
Specialized Case: No

DATE: 12/10/2021
Case Type: Good Time
Offender Class: First

Where Detained:        Date of Parole Warrant:        When Detained:

1. PRESENT OFFENSE: Second Degree Murder
   Prior Sex Offense:  ☐ Yes  ☒ No

   Date Paroled: 03/29/2021        Compliance Date Not Applicable Expiration Date: LIFE

2. VIOLATIONS CHARGED:

| CONDITION | PLEA | PROBABLE CAUSE FOUND |
|---|---|---|
|  |  |  |

3.
    A preliminary hearing was held on and probable cause found. DF-6 and 6-A attached.
    Offender waived preliminary hearing on , and pled guilty to all violations. DF-6 attached.
    Offender requires detention pending disposition of charges. DF-6 and 6-B attached.
    Pled guilty and waived final revocation hearing on . Waived because of . DF-6 and 6C attached.
    Offender deferred a preliminary hearing on . DF-6 attached.
    Offender signed a previous waiver. In lieu of revocation, offender ordered to attend  Offender failed program.

4. RECOMMENDATION: (Certification is made that all recommendation options have been carefully evaluated in accordance with established criteria.)

    New felony, automatic revocation (Bill of Information/Indictment, conviction and sentencing minutes attached).
    Hold pending disposition of charges (DF-6B attached, only if preliminary hearing held).
    Revocation of parole.
    Revocation of parole via Technical Revocation.
    Revocation of parole via Technical Revocation to be served at the Louisiana Transitional Center for Women.
    Revocation of parole via Technical Revocation to be served at the Don Francois Alternative Center.
    Revocation of parole via Technical Revocation to be served at the Steve Hoyle Treatment Program.
    Revocation of parole via Technical Revocation to be served in a Regional ReEntry Center.
    Revocation of parole via Technical Revocation.
    Revocation of parole via Technical Revocation to be served at the Louisiana Transitional Center for Women.
    Revocation of parole via Technical Revocation to be served at the Don Franccois Alternative

Center.
  Revocation of parole via Technical Revocation to be served at the <u>Steve Hoyle Treatment Program.</u>
  Revocation of parole via Technical Revocation to be served at the <u>Regional ReEntry Center.</u>
  Allow offender to bond pending disposition of charges.
  Allow offender to bond pending disposition of charges with added Special Condition of <u>Electronic Monitoring.</u>
  Reprimand and continue on parole.
  Reprimand and continue on parole with added Special Condition of <u>Electronic Monitoring.</u>
  In lieu of revocation - complete the <u>Don Francois Alternative Center Program.</u>
  In lieu of revocation - complete a DOC approved <u>Transitional Work Program.</u>
  In lieu of revocation - complete a DOC approved <u>Blue Walters Substance Abuse Program.</u>
  In lieu of revocation - complete a DOC approved <u>LCIW Substance Abuse Program.</u>
  In lieu of revocation - complete a DOC approved <u>Steve Hoyle Treatment Program.</u>
  Terminate unsatisfactorily. (Normal expiration date must have passed.)
  Suspend Supervision.
  Warrant Flash? ○ Yes ● No  Absconded on or About:
      (If Yes, attach signed certificate, and photos & prints, if available)
  Recall Warrant.
  Add/Remove Condition(s):
  No action at this time, await further report.
  Other.

5. JUSTIFICATION Per the attched order issued by the Honorable Ron Johnson of the 19th JDC, the offender is being released on parole effective 3/29/2021. However, the offender engaded in criminal conduct as evidenced by his 11/9/2021 DB write up for Contraband while at the Louisiana State Penitentiary. Please issue a warrant to hold the offender.

                  *Jennifer M Bush*

_____  _____
Signed:              Approved:
                 Jennifer Bush
  Probation & Parole Officer      Probation & Parole Supervisor

Page 2

Re: Jane M Doe   1122                                                                          West Baton Rouge

6. BOARD ACTION REGARDING PREVIOUS VIOLATIONS: NO

## ** FOR HDQ USE ONLY **

HQ APPROVAL

NOTES:

### Recommendation by Probation & Parole

| ☐ ISSUE WARRANT<br>  ☐ Flash | ☐ RETURN TO SUPV |
|---|---|
| ☐ RETURN FOR HEARING | ☐ WAIVE FEES/FORGIVE ARREARAGES |
| ☐ CONTINUE ON SUPERVISION | ☐ CLOSE CASE/OFFENDER DECEASED |
| ☐ PRELIMINARY HEARING DEFERRED | ☐ RECALL WARRANT DATED: |
| ☐ ALLOW BOND | ☐ TERMINATE<br>  ☐ UNSAT<br>  ☐ SAT |
| ☐ REPRIMAND | ☐ SUSPEND SUPV per policy |
| ☐ RESCIND | ☐ REINSTATE ACTIVE SUPERVISION |
| ☐ Inactive Parole | |

Page 3

Re: Jane M Doe   1122                                                West Baton Rouge

| TECHNICAL REVOCATION (CFTS) | CUSTODIAL TREATMENT: |
|---|---|
| ☐ 15 days  ☐ 90 days<br>☐ 30 days  ☐ Until Expiration<br>☐ 45 days<br>☐ Other<br><u>Describe Other</u> | ☐ SHISAP<br>☐ LTCW<br>☐ CONCORDIA<br>☐ Other:<br><u>Describe Other</u> |

| ☐ Revocation | ☐ IN LIEU OF REVOCATION |
|---|---|
| ☐ FINAL HEARING WAIVED<br>☐ NEW FELONY CONVICTION - AUTOMATIC<br>   Sentencing Date:<br>   ☐ DORMAN CASE | ☐ TWP      ☐ CONCORDIA<br>☐ DOC SAP  ☐ SHISAP |

| ☐ ADD /☐ REMOVE /☐ MODIFY CONDITIONS | ☐ DELAY REVOCATION HEARING |
|---|---|
| <u>Enter Conditions</u> | ☐ PENDING CHARGES<br>☐ ATTORNEY REQUEST<br><u>Describe Other</u> |

DEC 0 7 2021

# SUPREME COURT OF LOUISIANA

NO. 2021-KK-01776

BOBBY SNEED

VS.

TIM HOOPER, WARDEN

*On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of East Baton Rouge*



**PER CURIAM**

Factually and legally, this matter presents in a complicated and complex manner and is, therefore, dependent for resolution on its own unique circumstances. Petitioner, who was granted parole and scheduled for release on March 29, 2021, was hospitalized after collapsing on March 25, 2021. Upon his discharge from the hospital, he was not released, but returned to prison. In connection with the March 25 incident, petitioner was issued a disciplinary report for violating a conduct rule barring contraband, but following a hearing before the Louisiana State Penitentiary Disciplinary Board on May 5, 2021, petitioner was found "not guilty" of possessing contraband. Nonetheless, on May 7, 2021, a member of the Committee on Parole executed a single-member action to rescind the Committee's prior decision to grant petitioner's application for parole.

"The conditions of parole as well as the granting or revocation thereof rest in the discretion of the [Committee on Parole], whose decisions generally cannot be appealed." **Bosworth v. Whitley**, 627 So.2d 629, 631 (La. 1993) (citing La. R.S. 15:574.11). The rules adopted by the Committee on Parole provide for rescission of a prior grant of parole pursuant to a single-member action. See, La. Admin. Code Title 22, Part XI, §§ 504(K), 513(A). However, here the Committee did not act to

rescind petitioner's parole prior to his release date. As a result, petitioner was held in physical custody after his release date.

Petitioner's limited liberty interests attached once his release date passed. See, **Morrissey v. Brewer**, 408 U.S. 471, 482 (1972). For that reason, we find rescission was not available here. Rather, procedural due process dictates that petitioner was entitled to a revocation hearing rather than a rescission of parole. The denial of that hearing is appealable. La. R.S. 15:574.11.

Accordingly, the decision of the court of appeal is reversed, and this matter is remanded to the district court for further proceedings consistent herewith.

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
### DISCIPLINARY REPORT

**INSTITUTION:** LSP

| 1. Name of Offender | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Bobby Sneed | 81275 | 11/9/21 | 9:01 p.m. |

| 5. Place of Incident | 6. Job Assignment (Offender) | 7. Housing Assignment (Offender) |
|---|---|---|
| Education Building | Legal Aide | Oak 3 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Contraband | |

**10. Description of Incident** (Include all relevant information - "unusual Offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side, if necessary)

On the above date and approximate time I, Major Eric Turner was assisting Capt. Gilliaut with offender Bobby Sneed 81275 whom was unresponsive in the Education Building. While shaking down offender Sneed I, Major Turner found one eye drop container with a unknown tan liquid substance inside the bottle. M/Sgt. Randall Holden of investigation services & Lt. Col. Butler were both notified of incident. This is for your information further handling.

**11. Offender Placed in Adm. Seg.** ☒ Yes ☐ No

**12. Signature of reporting employee:** Eric Turner Maj.
**13. Name, Title, Assignment (Print):** Eric Turner Maj.

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Offender by | 17. Offender's Signature: |
|---|---|---|---|
| 11/9/21 | 10:00 p.m. | ET | [signature] |

**18. Plea by Offender:** ☒ Not Guilty ☐ Guilty
**19. Verdict:** ☐ Not Guilty ☒ Guilty

**20. Date of Hearing:** 11-24-21
11/12/21, 11-15-21, 11/29/2021(B)

**21. Counsel Substitute:** N/A
**DOC#:** 593589, 593529, 351810, N/A

**22. Motions:** Defer to MP A.'s Court, Deferred for copies of evidence and narco test. outside counsel.

**23. Reasons for Disposition:**
- ☒ Report is clear and precise.
- ☒ Lack of a credible defense/little or no defense.
- ☐ Based on his statement.
- ☐ The officer's version is determined to be more credible than the offender's.
- ☐ Pled guilty/accepted guilty plea.
- ☒ Only defense is denying contents of report.
- ☐ The offender presented no evidence to refute the charges.
- ☐ The Investigative officer's testimony was deemed more truthful and accurate than the offender's.
- ☐ Plea bargain.
- ☐ The offender's demeanor led the board to believe that the offender's testimony was untrue.
- ☐ Other _____

**24. Reasons for Sentence:**
- ☒ Seriousness of offense.
- ☒ The need to protect the institution, employees, or other.
- ☐ Poor Conduct record. A total of ___ rule violation(s). A total of ___ Schedule B violations since ___.
- A total of ___ # ___ rule violations since ___.
- ☐ Other _____

**25. Sentence:** (1) Day Disciplinary Segregation
Suspended ☐ ___ Days
Imposed ☒

**26. Sentence:** 
Suspended ☐ ___ Days
Imposed ☐

RECEIVED NOV 30 2021 LSP RECORDS

**27. DISCIPLINARY BOARD:** Cost maybe imposed for any property loss, damage, or medical expense occasioned through the fault of an Offender who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary \Rules and Procedures for Adult Offenders.

**CHAIRMAN (DISCIPLINARY OFFICER)** [signature]
**MEMBER** [signature]





## Lisa Vines

**From:** Julie Kilgore
**Sent:** Monday, November 29, 2021 9:22 AM
**To:** William Rosso
**Subject:** FW: Bobby Snead
**Attachments:** img11292021_0001.pdf

Print these out

**From:** Tracy Falgout <Tracy.Falgout@LA.GOV>
**Sent:** Monday, November 29, 2021 8:24 AM
**To:** Julie Kilgore <Julie.Kilgore@la.gov>
**Subject:** FW: Bobby Snead

Julie,

I have sent this to Thomas Frampton in the Sneed DB case at 11:00 this morning. Add to our documents so DB chairman has access.

Tracy

Tracy Falgout RN CCN/M
Deputy Warden Programs
Louisiana State Penitentiary
Phone 225-655-2028
Fax 225-655-2790

**From:** Dianthe Rogers <Dianthe.Rogers@la.gov>
**Sent:** Monday, November 29, 2021 8:16 AM
**To:** Tracy Falgout <Tracy.Falgout@LA.GOV>
**Subject:** Bobby Snead

Dianthe Rogers
Administrative Program Specialist A
Office of the Deputy Warden of Programs
Louisiana State Penitentiary
(225) 655-2028
(225) 655-2790

1

# LOUISIANA STATE PENITENTIARY
# INVESTIGATIVE SERVICES

**DATE OF INCIDENT:** November 9, 2021          **REASON:** Contraband

**INVESTIGATOR:** Master Sergeant Randall K. Holden

**DESCRIPTION:** Liquid Substance in an eye drop bottle

**OFFENDER:** Bobby Sneed

**SEARCH OFFICER:** Major Eric Turner              **WEIGHT:** 0.0 grams

**FOUND:** Main Prison East yard education building    **TEST USED:** PCP Test

**HOUSED:** Main Prison                          **TEST RESULTS:** Positive PCP

**DOC:** 81275

**CASE:** AIS-21-K-1811

**THE CONTRABAND WILL BEPLACED IN EVIDENCE AND STORED AT INVESTIGATIVE SERVICES**



Master Sergeant Randall. K. Holden
Investigator

CC: Warden Tim Hooper
    Deputy Warden Tracy Falgout


11/15/21

# DISCIPLINARY BOARD OFFICE

1st Notice Date **1-16-21**    2nd Notice Date _____

| TO: Investigative Services | LOCATION: |
|---|---|
| FROM: Disciplinary Board Office | |

You have been assigned to submit information on the below referenced incident by the Disciplinary Board.

| OFFENDER NAME: Bobby Sneed | DOC# 81275 | RULE# 1 |
|---|---|---|

The Disciplinary Board has asked that you provide the documents regarding the attached disciplinary report(s):

| ☐ COPY OF EVIDENCE/CONTRABAND | ☐ THOROUGH INVESTIGATION |
|---|---|
| ☐ CONFIDENTIAL INFORMANT SHEETS | ☑ NARCO LAB WORKSHEET |
| ☐ OTHER | |

Please submit your findings to the Disciplinary Board Office no later than **ASAP!** / _____ (only if 2nd notice is required).

Investigative officers must conduct their own investigations as well as sign their own investigative reports. If you are unable to submit the requested information, you must submit a written report stating your reason(s) for being unable to do so. Either report must be turned into the Disciplinary Board Office **no later** than the date specified above. If for any reason you require more time to gather the requested information, please *promptly* notify this office so that the necessary personnel can be notified of the delay.

As always, your cooperation is appreciated.

*Sgt. B Russell*

PLEASE CONTACT US IF YOU HAVE ANY QUESTIONS
Phone: 225•655•2080 / 225•655•2057 / 225•655•2570
Fax: 225•655•2798

Form B-05-001-B
20 August 2013

## DISCIPLINARY COURT MOTIONS

Offender's Name & DOC #: __Bobby Sneed  # 81275__

Rule # Date of RVR: __11/9/21.__

**Motion to Face Accuser:**
- [ ] Repetitious
- [ ] Poses Substantial Risk or Danger
- [ ] Not Relevant
- [ ] Undue Burden on Institution
- [ ] Other

Explanation: _____

**Motion to Call Witnesses:**
- [ ] Repetitious
- [ ] Poses Substantial Risk or Danger
- [ ] Not Relevant
- [ ] Undue Burden on Institution

Explanation: _____

Stipulated Testimony: _____

**Motion to Continue:**
- [ ] Inadequate Notice
- [ ] Further Investigation Warranted
- [ ] Retain Counsel
- [ ] Board member involved in the investigation
- [ ] Charge Amended

Explanation: 11/29/21 Motion #1 - Wasn't heard in 72 hours > Denied Brought in DB on 11/24/21
11/29/21 Motion #2 - Stated he hasn't talked to his client > Denied has talked to his client several times prior to Court Date.

Other Motions: __Outside attorney  11-24-21  AE__

Decision & Explanation of Ruling: __granted__

11/29/21 - Motion #1 = Denied
11/29/21 - Motion #2 = Denied.

```
                                                           PAGE 1 OF

TO:   DISCIPLINARY BOARD
FROM: PAULINE T. SIMS
      ARDC SUPV
RE:   BOBBY SNEED                    MIN B
      DOC# 81275             OAK 3  LEGAL SUPPORT OFFENDER COUN
                                 BL
DATE: 01/11/2010          November 10, 2021
```

On this date, the inmate's record was screened and the following list of inmates with whom he has had problems has been completed.

| NAME | NUMBER | NATURE OF PROBLEM | DATE OF PROBLEM SITUATION | CURRENT LOCATION |
|---|---|---|---|---|
| ENEMY REVIEW | | AU | 1/4/10 | |
| RAYMOND COCKERHAM | 113784 | FIGHT | 8/3/93 | REL |
| ALVIN NORMAN | 104044 | CLAIMED | 6/29/94 | AVC |
| WALTER WILLIAMS | 86231 | CLAIMED | 4/29/94 | ALC |
| ROBERT DOUGLAS | 93700 | FIGHT | 5/2/95 | |