## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BOBBY SNEED, 81275** | * | **CIVIL ACTION** |
| | * | |
| VS. | * | **NO. 21-704-JWD-RLB** |
| | * | |
| **TIM HOOPER, WARDEN** | * | **JUDGE DEGRAVELLES** |
| | * | |
| | * | **MAG. JUDGE BOURGEOIS** |

### SHERIFF BRIAN SPILLMAN'S BRIEF
### IN RESPONSE TO ORDER OF COURT

NOW INTO COURT, through undersigned counsel, comes West Feliciana Parish Sheriff Brian Spillman (the "Sheriff"), who herewith submits the following in response to the Court's inquiry concerning the justification for holding Bobby Sneed, the Petitioner herein, pursuant to a warrant issued by the Louisiana Committee of Parole, Board of Pardons (the "Committee").[1]

### I. INTRODUCTION

The Court has directed the Sheriff to provide support for his holding Mr. Sneed "without taking a position as to whether Bobby Sneed is a 'parolee,' because '[e]ach parolee shall remain in the legal custody of the Department of Public Safety and Corrections,' La. R.S. 15:547-7 ...." This is a dicey proposition for, as the Court is aware, the Sheriff has the physical custody of Mr. Sneed only pursuant to a warrant issued by the Committee to hold Mr. Sneed in custody on behalf of the state as a parolee suspected by the Committee of violating "the conditions of his parole." *See* Warrant, attached as Exhibit 1 (the "Warrant"). In other words, Mr. Sneed remains now in the constructive custody of the State of Louisiana, but his physical custody was transferred to the Sheriff.

---

[1] Formerly known as the Board of Pardons, re-constituted as the Committee on Parole, Board of Pardons by Act 2012 of the Louisiana Legislature, No. 714, Section 1. *See* La. R.S. 15:574.2(E).

Insofar as the Court asks by what authority the Sheriff currently holds Mr. Sneed at the parish jail, the Sheriff can only state that he holds Mr. Sneed by authority of a facially valid warrant issued by the Committee and the cooperative regime whereby state prisoners may be held in parish jails. The Sheriff has no authority to delve into the legal basis for the Warrant or to decide whether the facts relied on by the issuing authority to justify the issuance of the Warrant are valid support for the issuance of the Warrant or to evaluate the procedures used to have the Warrant issued. That job is reserved for a reviewing court or other entity, not the Sheriff. *See* La. R.S. 15:574.11.

## II. THE FACTS AS KNOWN BY THE SHERIFF

In this instance, it has been established that the state custody of Mr. Sneed was transferred to the Sheriff's Office from the Louisiana Department of Corrections (the "DOC") upon the processing of the parole paperwork and the issuance of the Warrant on December 10, 2021, as explained in the previous submissions of the Applicant and the State Respondent agency. It is the Sheriff's understanding, after inquiry by undersigned counsel, that the Committee actions leading to the captioned matter will be the subject of a filing by the State herein.

As an outsider to those pre-Warrant actions and proceedings, the Sheriff submits that the Warrant presented to the him as the reason for state custody of Mr. Sneed appears valid on its face under Louisiana law. The Warrant announces that Mr. Sneed is accused of violating the terms of his parole and that he "should be retaken and reimprisoned within the Department of Public Safety and Corrections." *See* Exhibit 1. The Warrant is issued by the Committee, which has the statutory authority to issue said Warrant. *See* La. R.S. 15:574.7(D)(1)(c).

As the Court has been advised, and as appears from the record, the Sheriff was not involved in seeking the Warrant and only became involved after the Warrant was issued. *See* Exhibits

presented by other Parties. The Sheriff appears nowhere in the pleadings or records presented to the Court, except to say that he currently holds Mr. Sneed in custody pursuant to the Warrant and the direction of the state. Other than the admitted fact of maintaining state custody pending the parole proceedings, the Sheriff's Office was not involved in any way with the events leading up to the issuance of the Warrant or those prompting the granting, revocation or recision of the release on parole sought by the Petitioner. *Id.* The Sheriff, therefore, has no first-hand knowledge of what either the Petitioner or the Committee has done or has not done and will have to rely on those stakeholders to provide the Court with that information.

From a legal standpoint, however, the Sheriff can present his understanding of the authority of the Committee to issue the Warrant and why the Sheriff has no opportunity, duty, or authority to be involved in Mr. Sneed's parole status or the proceedings of the Committee relative thereto. *See* La. R.S. 15:574.2, *et seq*.

### III. LEGAL FRAMEWORK FOR WARRANT ISSUANCE

"Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions, or revocation of parole rest in the discretion of the committee on parole." La. R.S. 574.11(A). Upon appropriate proof of eligibility as determined by the Committee, the Committee may grant a felony offender release on parole. *See* La. R.S. 15:574.4.1(B) & (C). For example, the Committee may condition release on parole upon the successful completion of a rehabilitative program prior to release from physical custody of the Department of Corrections. *See* La. R.S. 15:574.4.1(D)(2).

The Committee has the authority "to determine the time and conditions of release on parole" according to its governing statutes and rules. La. R.S. 574.2(D)(1). The Board may impose

conditions on the parolee. *See* La. R.S. 15:574.4.2. These conditions may also include the requirement of substance abuse treatment following release. *See* La. R.S. 15:574.4.2(A)(2)(h).

It is important to note here that parolees nevertheless remain in the "legal custody" of the Department of Corrections and are subject to supervision and orders of the Committee while they remain on parole. *See* La. R.S. 15:574.7(A). The Committee thus has the power and duty "to determine and impose sanctions for violation of the conditions of parole." La. R.S. 15:574.2(D)(2). For example, upon recommendation of a parole officer and a review of the parolee's record, the Committee may order that the parolee be arrested and held in custody pending a revocation hearing. *See* La. R.S. 15:574.7(D)(1)(c). The parole statutes do require that the Committee afford the parolee the process that is due and to conduct a hearing prior to the revocation of parole. *See* La. R.S. 15:574.9(A). This revocation procedure allows for the parolee to consult with legal counsel and have the opportunity to be heard and to present evidence on his or her behalf. *Id.*

As an alternative to revocation, a parolee may be subjected to a condition of release requiring completion of a clinical substance abuse treatment program. *See* La. R.S. 15:574.7(D)(2)(b).

"No prisoner or parolee shall have a right of appeal from a decision of the committee regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9." La. R.S. 15:574.11(A). A petition for this limited review of Committee actions may be filed with the appropriate district court. *See* La. R.S. 15:574.11(B) & (C).

As to why Mr. Sneed is in a parish jail rather than a state penal facility, it is noted that under state law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department." La. R.S. 15:824(A). This statute also allows for a person committed to the custody of the State Department of Corrections to be housed in a parish jail "when the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department, or the department otherwise refused to accept the individual for confinement ...." La. R.S. 15:824(B)(1)(a). This statute allows for state inmates to be housed in parish jails in situations such as this and for any of several other reasons.

Essentially, pursuant to RS 15:824, the Sheriff is housing Mr. Sneed on behalf of the State in connection with the parole revocation proceedings. The Sheriff has no independent cause for holding Mr. Sneed beyond the parole controversy.

Based on this statutory framework, the Warrant presented to the Sheriff, as it is found in the record of this proceeding and as attached hereto, appears on its face to be sufficient legal cause to hold Mr. Sneed on behalf of the state on a *suspected* violation of parole conditions at the request of the state and/or its Committee. The statutory parole regime does not allow for the Sheriff or any other custodial officer to independently second-guess the Committee's decision or decision-making process. The Sheriff also does not have the authority to release a parolee from custody based on allegations of procedural defects in the Committee warrant process. Even the Court system has somewhat limited review functions for that matter.

That said, the undersigned has made inquiries of the Committee and its counsel to gather information concerning the process used to issue the Warrant, the legal authority for that process, the

factual basis for the initiation of the revocation process, and the facts supporting the issuance of the Warrant. The Committee, through the State, has committed to filing a brief with this Court toward that end. It is noted here that Mr. Sneed and the Department of Corrections have already presented the Court with materials pertinent to some, if not all, of these elements of the Court's inquiry as well.

The Sheriff simply is not in a position to access all of the pertinent facts or evidence to support or challenge or declare the Warrant invalid as a matter of law. Most of what the Petitioner complains about occurred before the Sheriff ever heard of Mr. Sneed when the Warrant was issued and a place was needed by the state to house Mr. Sneed while the Committee dealt with the parole situation. Again, as indicated in open court, if the Court determines that either the fact basis or legal basis (or both) for the issuance of the Warrant is or are insufficient as a matter of law to continue to hold Mr. Sneed, the Sheriff will abide by the decision of the Court and will take whatever action is directed by the Court.

**IV. CONCLUSION**

In conclusion, "the granting, conditions, or revocation of parole rest in the discretion of the committee on parole." La. R.S. 574.11(A). The Parole Committee is authorized by Louisiana law to issue a Warrant directing that a parolee be maintained in secure custody on behalf of the state until the alleged violation of the terms and conditions of parole can be addressed through a process that includes the opportunity for the parolee to participate and present evidence in an administrative hearing before the Committee or the custodian is otherwise directed to release the subject by a court or agency of competent jurisdiction. As the record reflects, the Sheriff has not been involved in any of the actions of which the Petitioner complains, other than the continued custody at the parish jail following the issuance of the facially valid Warrant and the transfer from state custody.

WHEREFORE, the Sheriff prays that this Brief in response to the Court's Order issued herein be deemed sufficient to answer the Court's inquiry from the Sheriff's perspective. As indicated above and in open court, the Sheriff stands ready to abide by the decision of the Court and to take whatever action regarding the custody of Mr. Bobby Sneed may be directed by the Court.

Respectfully Submitted,

**FROSCH, RODRIGUE, ARCURI, LLC**

   S/ Craig E. Frosch
CRAIG E. FROSCH (La. Bar #19580)
BLAKE J. ARCURI (La. Bar #32322)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel.: (504) 592-4600 - Fax: (504) 592-4641
**Counsel for Respondent,
West Feliciana Parish Sheriff Brian Spillman**