UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBY SNEED<br>(DOC# 81275), | : | CIVIL ACTION |
| | : | NO. 21-704-JWD-RLB |
| VERSUS | | |
| | : | JUDGE JOHN W. deGRAVELLES |
| TIM HOOPER, ET AL | : | MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |

*************************************************************************

### RESPONDENTS' BRIEF IN OPPOSITION TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Respondents respectfully move this Court to dismiss or hold in abeyance Petitioner Bobby Sneed's Amended Petition for Writ of Habeas Corpus in accordance with 28 U.S.C. § 2254 of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

### FACTUAL AND PROCEDURAL BACKGROUND

**1. Petitioner Failed To Satisfy His Initial Conditions For Parole**

The Committee on Parole initially granted Sneed's application for parole on March 15, 2021, *conditioned upon the approval of residence, no disciplinary infractions, and certification of compliance with R.S. 15:574.2*. If, and only if, he satisfied these conditions, he would be issued a Certificate of Parole and given an official release date. *See* La. R.S. 15:574.4.1. Sneed failed to satisfy these conditions.

On March 25, 2021, Sneed collapsed at Louisiana State Penitentiary at Angola, Louisiana, and he received treatment at Lane Regional Medical Center for several days. He was issued a disciplinary report for possessing contraband. The Committee never issued or authorized a Certificate of Parole. Nor did the Committee officially fix Sneed's release date during this time.

1

On May 6, 2021, Sneed went before the prison Disciplinary Board, where the disciplinary charge for contraband was dismissed due to chain-of-custody issues with the testing sample.

Committee Member Tony Marabella executed a single-member action to rescind the Committee's prior decision to grant Sneed's application for parole based upon records indicating Sneed's recent drug usage and overdose while incarcerated.[1] On May 10, 2021, the Committee conducted another parole hearing for Sneed. Committee Members questioned Sneed regarding the March 25, 2021 incident, allowed Sneed's counsel to make a statement on his behalf, and unanimously voted to deny Sneed's application for parole based upon the records indicating his recent drug usage and overdose.

**2. Relevant State Court Procedural History**

Sneed petitioned for habeas corpus relief on September 29, 2021 in the Nineteenth Judicial District Court against Warden Tim Hooper.[2] The Committee filed an Exception of No Cause of Action on October 22, 2021.[3] Following additional briefing by the parties,[4] on November 18, 2021, the district court, issued an oral ruling: (1) granting Sneed's petition; (2) ordering Sneed's immediate release from DOC custody; and (3) ordering Sneed to be released on parole.[5] The court ordered Warden Hooper to "change his [Sneed's] official status to that of being on active parole."[6]

The Committee sought a supervisory writ from the Louisiana First Circuit Court of

---

[1] These actions were taken pursuant to the established regulations of the Committee on Parole. See 22 La. Admin. Code Pt. XI, §504, 513.
[2] Exhibit A – Original Petition for Writ of Habeas Corpus, filed September 29, 2021.
[3] See Exhibit B – Committee's Exception of No Cause of Action and Incorporated Memorandum in Support, filed October 22, 2021; Exhibit C – Petitioner's Reply Memorandum to Committee's Exception of No Cause of Action, filed October 25, 2021; Exhibit D– Warden Hooper's Exception of No Cause of Action and Incorporated Memorandum in Support, filed October 25, 2021.
[4] See Exhibit E– Committee's Supplemental Brief in Support of Exception of No Cause of Action, filed November 2, 2021; Exhibit F – Petitioner's Post-Trial Memorandum in Support of Petition for Writ of Habeas Corpus, filed November 3, 2021.
[5] Exhibit G – Transcript of Oral Ruling on November 18, 2021.
[6] Exhibit H – Judgment on Petition for Writ of Habeas Corpus, filed November 18, 2021.

Appeal—which vacated the district court's ruling. Sneed applied for a supervisory writ from the Louisiana Supreme Court, which issued a divided per curiam opinion, on Tuesday, December 7, 2021—reversing the First Circuit's decision and holding that Sneed's claim should be characterized as an appeal of the denial of a revocation hearing pursuant to La. R.S. 15:574.11.[7] The Supreme Court remanded the matter to the district court.[8] Respondents moved for rehearing with the Louisiana Supreme Court, but that motion was eventually denied on December 15, 2021.

At a status conference on December 9, 2021, after remand from the Louisiana Supreme Court, the district court—without any evidence or testimony—ruled that it would maintain its prior November 18, 2021 Order which required the immediate and unconditional release of Sneed from Louisiana State Penitentiary.[9] Respondents appealed.[10] Eventually the First Circuit issued a 2-1 ruling denying the writ. Judge McClendon issued a dissenting opining that La. R.S. 15:574.11(C) does not authorize immediate release as an available remedy for a challenge to a revocation hearing and that he would remand the matter to the Committee to conduct a new hearing.[11]

Respondents filed an emergency application for a supervisory writ with Louisiana Supreme Court on December 14, 2021 seeking expedited consideration, an emergency stay of the proceedings, and reversal of the state district court's December 9, 2021 Order. The Louisiana Supreme Court granted the writ and reversed the district court on December 15, 2021—explaining that "[t]he [state] district court erred in ordering Bobby Sneed released on parole. Pursuant to La. R.S. 15:574.11(C), immediate release is not an available remedy for the [state] district court's

---

[7] Exhibit I – Louisiana Supreme Court, Per Curiam Decision issued December 7, 2021 (with Justices Crichton, J., Crain, J., and McCallum, J. dissenting)
[8] *Id.* at Pg. 2.
[9] Exhibit J – District Court Order granting Petitioner's Amended Petition for Writ of Habeas Corpus, filed December 9, 2021.
[10] Exhibit K – Notice of Intent to Seek Supervisory Writ of Review and Request for Stay, filed December 9, 2021.
[11] Exhibit L – La. First Circuit Opinion, Writ Denied, Stay Lifted, McClendon Dissents, issued December 10, 2021.

finding that Mr. Sneed's due process rights were violated."[12] The Louisiana Supreme Court then remanded the case to the district court "with instructions to remand the matter to the Committee on Parole to conduct a parole revocation hearing."

### 3. Sneed Seeks Federal Habeas Relief

Several days before the Louisiana Supreme Court reversed the state district court, Sneed initiated this action by filing an Emergency Petition for Writ of Habeas Corpus here, naming only Warden Hooper as Respondent.[13] In response, Warden Hooper informed the Court that Sneed was no longer in the custody of DOC. Following the issuance of Sneed's parole certificate—in compliance with the state district court's order that he be released on parole—a parole committee member signed an arrest warrant directing authorities to arrest Sneed and hold him pending a revocation hearing for a violation of the conditions of his parole. Sneed was released from DOC's custody and transferred to the West Feliciana Detention Center to await his revocation hearing.

Upon learning of these developments, this Court ordered Sneed to amend his petition "to add the Sheriff of West Feliciana Parish as an additional respondent." The Court further allowed Sneed to "add as a Respondent Secretary LeBlanc or any other person Petitioner deems to be a necessary party." December 13, 2021 Order.[14]

Sneed filed an Amended Emergency Petition for Writ of Habeas Corpus with this Court—naming Warden Hooper, West Feliciana Parish Sheriff Brian Spillman, and Louisiana Department of Public Safety and Corrections Secretary James LeBlanc ("Secretary LeBlanc").[15] In addition to including new parties, Sneed alleged additional facts and claims in his amended petition: He alleges that his constitutional rights were violated when he was arrested and transferred to the West

---

[12] Exhibit M – Louisiana Supreme Court, Per Curiam Decision, issued December 15, 2021.
[13] Rec. Doc. No. 1.
[14] Rec. Doc. No. 10.
[15] Rec. Doc. No. 11.

4

Feliciana Detention Center for a parole violation.

This Court held a status conference on December 14, 2021 and issued a minute entry ordering Respondents to file responsive briefing by 8:00 a.m., December 17, 2021.[16]

On December 15, before the State could respond as ordered by this Court, the Louisiana Supreme Court granted the State's application for a supervisory writ and remanded the case to the parole board—as described above.[17]

A few hours after the Louisiana Supreme Court ruled, Sneed filed an Emergency Motion for Hearing & Issuance of Writ of Habeas Corpus in this Court. (Dkt. 13). In this filing, he now claims "there exists an ongoing conspiracy to deprive Mr. Sneed of his civil rights."  And he asks the Court for "immediate intervention" under 28 U.S.C. 2241 ("It is hard to imagine a clearer example of why 28 U.S.C. § 2241 exists than for precisely this situation . . . .").

Respondents now move the Court to dismiss Sneed's Amended Petition, in accordance with the Court's Order in its Minute Entry from December 14.

## ARGUMENT

**1. Sneed's Petition Is Subject To The Demanding Requirements of 28 U.S.C. § 2254**

Sneed seeks habeas relief under 28 U.S.C. § 2241—but he is being held pursuant to a state court's order. That means he can gain habeas relief only if his claim can survive the requirements of § 2254 of AEDPA. *See Harvey v. Ortiz*, 980 F.2d 1443 (5th Cir. 1992) ("Appellant also challenges in this proceeding the state parole board's revocation of his probation. This contention is inappropriate in a § 2241 proceeding. *See* § 2254(b)."); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 275 (2d Cir. 2003) ("We agree with the district court that a state prisoner challenging his or her parole revocation must file under section 2254."); *Hopes v. Davis*, 761 F. App'x 307,

---
[16] Rec. Doc. No. 12.
[17] See Exhibit M.

5

310 n.1 (5th Cir. 2019) ("Properly speaking, § 2254 represents a relitigation bar applicable to § 2241 petitions; there is no such thing as a '§ 2254 petition.'").

"By its terms, section 2254 applies to applications in behalf of a person in custody pursuant to the judgment of a State court on the ground that [the person applying] is in custody in violation of the Constitution of the United States." *Cook*, 321 F.3d at 278 (cleaned up) (quoting 28 U.S.C. § 2254(a)). That characterizes Sneed's petition precisely. *See id.* (rejecting argument that section 2254 is not applicable to habeas petition because petitioner's custody was "pursuant to" an order of the parole board rather than a state court); *see also Coady v. Vaughn,* 251 F.3d 480, 484–85 (3d Cir. 2001) (petition challenging denial of state parole); *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001) (petition questioning constitutionality of denial of state parole); *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir. 2000) (petition challenging loss of state-prison good-time credit).

As an initial matter, the Court must first satisfy itself that Sneed exhausted *any* federal claim in state court—as required by 28 U.S.C. § 2254(b). *Langley v. Prince*, 926 F.3d 145, 155 (5th Cir. 2019) (en banc) ("As relevant here, AEDPA prohibits a prisoner from raising *any* claim in federal court unless it was first exhausted in state court." (emphasis added) (citing 28 U.S.C. § 2254(b))). Even if the Court concludes that all of Sneed's claims are exhausted, under § 2254(d) of AEDPA, Sneed cannot obtain relief unless the state court's decision on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." This is known as AEDPA's "relitigation bar." *Langley v. Prince*, 926 F.3d 145, 155 (5th Cir. 2019) (en banc). Sneed's claims cannot survive these demanding standards.

## 2. At Least Some of Sneed's Claims Are Unexhausted

The "exhaustion requirement is . . . grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner[s'] federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). And "the concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court." *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999). "[T]here is a strong presumption in favor of requiring the prisoner to pursue his available state remedies . . . ." *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

"A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." *Panetti v. Cockrell*, 73 F. App'x 78 (5th Cir. 2003) (citing *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998)); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982) ("[A] district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").

This Court should deny habeas relief, or at least hold the case in abeyance, because Sneed has not exhausted all of his state court remedies. In his Amended Petition, Sneed alleges a "procedural due process" violation.[18] His procedural due process claim is not exhausted. As recently as December 15, the Louisiana Supreme Court remanded the case to Parole Board for a revocation hearing. The case is ongoing. Sneed can raise his argument that he could not have violated parole at that hearing. Moreover, if Sneed is unhappy with the result of the revocation hearing, he can challenge it in state court.

"[T]he basis for the exhaustion doctrine codified in AEDPA is comity." *Alexander*, 163

---

[18] Rec. Doc. No. 11, Pg. 9.

F.3d at 908. Even assuming Sneed's parole is revoked, "[t]he interests of comity are served best in this instance by [Louisiana] courts having an opportunity to consider whether [Sneed's] parole was revoked [on an unconstitutional basis]." *Id.* at 909. It would amount to a tremendous intrusion into the cooperative federalism enshrined in AEDPA for this Court to intervene before the state process has concluded.

Because some of the claims in Sneed's petition are unexhausted, the Court should dismiss or hold the case in abeyance even if the Court concludes some of Sneed's claims are exhausted. *Rose*, 455 U.S. at 510.

### 3. Sneed's Claims Fail AEDPA's Religation Bar Under § 2254(d)

The "first step" in any AEDPA case with a claim under section 2254(d) is to identify the relevant "clearly established Federal law." *Langley*, 926 F.3d at 156. "[C]learly established law refers to 'the governing legal principle or principles set forth by the *Supreme Court* at the time the state court render[ed] its decision.'" *Grim v. Fisher*, 816 F.3d 296, 304 (5th Cir. 2016) (emphasis added) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003)). "It includes only the 'holdings, as opposed to the dicta,' of these Supreme Court opinions." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). When determining the relevant "clearly established" law for the purposes of § 2254(d), lower courts must not "fram[e] [Supreme Court] precedents at [] a high level of generality." *Lopez v. Smith*, 574 U.S. 1, 6 (2014); *see Langley*, 926 F.3d at 156–57 ("This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." (citation and quotation omitted)).

Under AEDPA, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (internal quotation marks omitted). "The

8

question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102. None of Sneed's claims can survive this hurdle.

Even assuming Sneed exhausted his procedural due process claim, he cannot identify any United States Supreme Court opinion directly on point that explains beyond all fair-minded disagreement that the Louisiana Supreme Court was unreasonably wrong when it concluded that a revocation hearing—and not release—was the proper remedy. Sneed practically concedes this point. He acknowledges "in an ordinary case, the appropriate remedy for the improper denial of a proper revocation hearing . . . might be a new revocation hearing." Rec. Doc. 13, Pg. 7. According, to Sneed, his is "not the ordinary case." *Id.* But that simply highlights the fact that there was no clearly established federal law on point to guide the state courts in this unusual litigation. Sneed's failure to point to any Supreme Court case directly on point is sufficient to deny relief on this claim under § 2254(d). *Langley*, 926 F.3d at 156–57.

Finally, Sneed has raised a "First Amendment retaliation claim." As an initial matter, this claim does not belong in a habeas petition. "A § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures; however, a habeas action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement." *See Cook v. Tex. Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).

Sneed cites a case from the United States Court of Appeals for the Third Circuit—*Mickens-Thomas v. Vaughn*—to support his claim. Emergency Motion at 8 (Dkt. 13) (citing *Mickens-Thomas v. Vaughn*, 355 F.3d 294, 308–10 (3d Cir. 2004)). But the board's actions in that case were far more egregious than anything that has occurred in this case. And, in any event, *Vaughn* does

9

not count as clearly established federal law for the purposes of § 2254(d) because it was not issued by the United States Supreme Court. Lower federal court decisions are "irrelevant to the question" of whether a state court decision is reasonable under § 2254(d). *Lopez*, 574 U.S. at 7.[19]

## CONCLUSION

Respondents respectfully urge the Court to either hold Sneed's habeas petition in abeyance until he has exhausted his claims in state court or dismiss the Petition.

**RESPECTFULLY SUBMITTED,**

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Christopher N. Walters*
**CHRISTOPHER N. WALTERS (#35579)(T.A.)**
**GRANT L. WILLIS (#34820)**
**ASSISTANT ATTORNEYS GENERAL**
LOUISIANA DEPARTMENT OF JUSTICE
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone No.:  (225) 326-6200
Facsimile No.:  (225) 326-6297
E-Mail: WaltersC@ag.louisiana.gov
           WillisG@ag.louisiana.gov

AND

*/s/Jonathan R. Vining*
**JONATHAN R. VINING (#30781)**
General Counsel
Louisiana Department of Public Safety & Corrections
P.O. Box 94304, Capitol Station
Baton Rouge, Louisiana  70804-9304
Telephone:  (225) 342-6728
Facsimile:  (225) 342-3278
Email:  jonathan.vining@la.gov

*Counselsl for Respondents Tim Hooper and James LeBlanc*

---

[19] Sneed contents that the Louisiana Supreme Court "never addressed the merits" of his First Amendment claim. But, this runs headlong into the Supreme Court's holding that, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 301 (2013).