# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BOBBY SNEED

VERSUS

TIM HOOPER

CIVIL ACTION

NO. 21-00704-JWD-SDJ

A status conference by zoom video conferencing was held in the above matter before District Judge John W. deGravelles on December 20, 2021.

Present:   Thomas Frampton, Justin B. Schmidt
**Counsel for Petitioner**

Jonathan R. Vining
**Counsel for Tim Hooper**

Christopher Walters
**Counsel for James LeBlanc**

Craig Frosch
**Counsel for Sheriff of West Feliciana Parish**

This status conference was held on petitioner's emergency motion for status conference, (Doc. 19).

The parties stated their positions.

Counsel for Petitioner stated, *inter alia*, that, following the setting of this conference, Petitioner's probable cause hearing has been moved to December 28, 2021.

Counsel for Secretary LeBlanc and the Committee on Parole responded.

The Court finds that the Petitioner has brought two claims in his petition for habeas corpus relief. First, Petitioner claims he is currently unconstitutionally confined. The Court finds that this claim is properly before the Court at this time because there is no procedural

mechanism under Louisiana law for the appeal of actions by the parole board other than the denial of a revocation hearing. However, because the Petitioner is now due a revocation hearing, which may result in the relief he seeks- release, the Court will stay the Petitioner's claim pending the outcome of the revocation proceedings at the parole board. As to the Petitioner's second claim, denial of procedural due process, when the Petitioner filed his petition for habeas corpus relief, he was the prevailing party, having presented his claim to the state's highest court and obtained relief. Subsequent procedural developments at the state level changed the procedural posture such that this claim now appears premature. The Louisiana Supreme Court has ordered that the relief for the denial of procedural due process is a revocation hearing and has remanded the case to the parole board for the appropriate proceedings. Accordingly, the Court will also stay this claim pending the outcome of the revocation proceedings at the parole board.

Keeping in mind that comity requires this Court to respect state procedural rules, the Court is cognizant of the serious constitutional implications raised by Petitioner. Accordingly, the Court will require the parties to keep it apprised of the status of the parole board hearings.

Because the Petitioner's probable cause hearing is set for December 28, 2021,

**IT IS ORDERED** that a follow-up status conference is hereby assigned for **2:00 p.m. on December 29, 2021 by zoom video conferencing**. If the parties wish to file a brief to update the Court on their position after the probable cause hearing, the parties may do so by **9:00 a.m. on December 29, 2021**. The briefs should not exceed five (5) pages.

Signed in Baton Rouge, Louisiana, on December 21, 2021.

Cv 36 ; T: 0:19

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**